## Mary Kelly and Frank Kelly v. James Butterworth.

1. PROMISSORY NOTES—*Mortgages.*—The court reviews the evidence in the case, and holds that it does not support the finding of the special master.

Bill for Foreclosure.— Appeal from the Circuit Court of Lake County; the Hon. CHARLES H. DONNELLY, Judge presiding. Heard in this court at the April term, 1902. Reversed and remanded. Opinion filed July 18, 1902.

C. N. DURAND and BAILY, HALL & SPUNNER, attorneys for appellants.

WHITNEY, UPTON & WHITNEY, attorneys for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

February 1, 1898, appellant Mary Kelly gave to appellee, James Butterworth, her promissory note for $400, with interest at the rate of seven per cent per annum, payable three years after date. On the same date she and her husband, Frank Kelly, also an appellant, executed a mortgage on certain real estate to secure the payment of said note.

The following June or July some controversy arose between the parties in regard to the use of the mortgaged property for gardening purposes. The mortgagee, Butterworth, objected to such use of the premises. The appellant Frank Kelly, and Butterworth, the mortgagee, then agreed that the mortgaged indebtedness might be subsequently paid, although the same was not due.

February 1, 1899, when the first year's interest became due, Butterworth went to Kelly's store and asked for some money. Kelly told him he had all the money for him, both principal and interest. The two went together to a bank at Waukegan, where Butterworth was accustomed to do his business. Before reaching the bank they stopped at the place of business of one Nick Wetzel, to whom Butterworth stated in Kelly's presence that Kelly was going to pay him all his money. When they arrived at the bank they occupied a desk for some time, conversing with each other. It is claimed by Kelly that he then paid Butterworth $428, the amount of the principal and interest of said note. The undisputed evidence is that Butterworth immediately presented the note to Fred Darst, an employe of the bank, who at the request of one of the parties, indorsed upon the face of the note in two separate places, in large letters, in red ink, "Paid, 2/1/99." Butterworth then put the note in his pocket and they returned to Wetzel's, where Butterworth stated in the presence of Wetzel and

another witness that Kelly had paid him every cent he owed him.

Shortly thereafter Butterworth left, stating to Kelly that he was going to take the note to the court house, presumably for the purpose of having the mortgage released, and for Kelly to wait for him, that he would return in a short time.  Butterworth never returned.

Thereafter Kelly made frequent demands upon him to release the mortgage, but without result.  Nothing further occurred until February, 1900, when Butterworth asked Kelly for some money.  Kelly told him he owed him nothing, that he had paid him in full at the bank.  Butterworth disputed this, and they went to the bank together, where the note was exhibited and showed the indorsements above mentioned.

November 23, 1900, appellant Mary Kelly served a written notice on Butterworth to release the mortgage in question, and tendered him the statutory fee therefor.

A few days thereafter Butterworth filed the present bill to foreclose the mortgage.  The defendants answered alleging payment in full on February 1, 1899.  The cause was referred to a special master to take proofs and report his conclusions.  He reported that he found from the evidence that the note was not paid.  Exceptions were filed to the findings of the master, overruled by the court and a decree entered for the foreclosure of the mortgage.  This appeal is prosecuted to reverse that decree.

The only question for our consideration is whether the evidence warrants the finding of the special master.  We hold that it does not.  There is no evidence in this record in favor of appellee's claim, or tending to sustain the finding of the special master, or the decree entered by the court, except that of the appellee, Butterworth.  Assuming that the burden of proving payment is upon the party alleging it, we think the testimony of Mary Kelly that on the morning in question her husband had and took with him at the time he started for the bank with Butterworth the requisite amount of money to pay the mortgage indebt-

edness; the testimony of Frank Kelly that he made the payment at the bank; the indorsement on the note; the agreement of Butterworth to have the mortgage released, and his admissions in the presence of disinterested witnesses that every cent Kelly owed him had been paid, establishes the defense of the payment of the mortgage indebtedness by a preponderance of the evidence.

The exceptions to the findings of the special master should have been sustained. The decree is erroneous, and is reversed, and the cause remanded to the Circuit Court for another hearing.